UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAITH FILIAULT, on behalf of herself and all other similarly situated consumers,<br><br>                Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                Defendant. | Case No. 3:18-cv-00332-VLB<br><br>JURY DEMANDED<br><br>March 16, 2018 |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant Portfolio Recovery Associates, LLC ("PRA"), by and through its attorneys, and for its answer and affirmative defenses to plaintiff's class action Complaint ("Complaint"), states as follows:

## FIRST COUNT

1.   Plaintiff, Faith Filiault (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated consumers, by and through undersigned counsel, hereby alleges against Portfolio Recovery Associates, LLC (hereinafter "Defendant"), as follows:

**ANSWER**: PRA admits that Plaintiff purports to bring this action against PRA, but PRA denies that Plaintiff has any claim against PRA or is entitled to recover damages from PRA.

2.   This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

<u>ANSWER</u>:  PRA admits that Plaintiff purports to bring this action under the FDCPA, but PRA denies that it has violated the FDCPA or any other law or that Plaintiff is entitled to recover damages from PRA.

3.	This Court has jurisdiction over this action considering the illegal acts took place within this jurisdiction.

<u>ANSWER</u>:  PRA denies that it engaged in any "illegal acts" within this jurisdiction or any other. PRA is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, denies same.

4.	Plaintiff is a natural person, who at all relevant times has resided in Connecticut and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

<u>ANSWER</u>:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies same.

5.	Portfolio Recovery Associates, LLC regularly conducts business in the state of Connecticut, while its corporate headquarters is located at 120 Corporate Boulevard, in Norfolk, Virginia 23502.

<u>ANSWER</u>:  PRA admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is a "debt collector" as the phrase is defined and applied under 15 §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

ANSWER: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies same.

7. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

ANSWER: PRA states that the FDCPA speaks for itself and was enacted for the purposes set forth in 15 U.S.C. §1692(e). PRA denies the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies same.

8. On or about February 8, 2017, Defendant sent Plaintiff an initial dunning letter seeking to collect a debt. Exhibit A.

ANSWER: PRA admits that it sought to collect on a past-due obligation that plaintiff originally incurred to Capital One Bank N.A., which was subsequently acquired by and is now owed by plaintiff to PRA. PRA admits that it sent plaintiff a letter dated February 8, 2017, which speaks for itself. PRA is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies same.

9. The debt was incurred through use of a personal credit card used for personal, family or household purposes.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies same.

10. The debt in question is beyond the statute of limitations.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies same.

11. Within Defendant's collection letter, Defendant offers Plaintiff three different methods for settling the debt in question including a one-time payment, and two monthly payment plans.

**ANSWER**: PRA answers that the collection letter (Exhibit A) speaks for itself and denies any allegations contained in Paragraph 11 of the Complaint that are inconsistent therewith.

12. Defendant's letter advises Plaintiff that she can accept these payment plans, by mail. Naturally, any person choosing the six or twelve month payment plan would confirm that in writing with his or her check.

**ANSWER**: PRA answers that the collection letter (Exhibit A) speaks for itself and denies any allegations contained in Paragraph 12 of the Complaint that are inconsistent therewith. PRA is without knowledge and information sufficient

to form a belief about the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, denies same.

13. Defendant's letter however, does not advise Plaintiff making partial payments, via the payment plans, will restart the statute of limitations.

ANSWER: PRA answers that the collection letter (Exhibit A) speaks for itself and denies any allegations contained in Paragraph 13 of the Complaint that are inconsistent therewith.

14. Were Plaintiff to begin making monthly payments, and then were she to no longer be able to continue making payments, Defendant would have the right to sue her in court to collect the remaining the balance—something Plaintiff should be made aware of.

ANSWER: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies same.

15. Accordingly, Defendant's collection letter is false, deceptive, and misleading.

ANSWER: PRA denies the allegations in Paragraph 15 of the Complaint.

16. Plaintiff seeks certification of the following classes, initially defined as follows:

**Broad Class: All consumers within the State of Connecticut that have received collection letters from Defendant, that are beyond the statute of limitations, that have offered monthly payment plans, without disclosing that making payments**

may restart the statute of limitations, within one year of the filing of this complaint up until the date of filing.

**Limited. Class**: All consumers within the State of Connecticut that have received collection letters from Defendant, for consumer debts incurred with Capital One Bank, N.A. that are beyond the statute of limitations, that have offered monthly payment plans, without disclosing that making payments may restart the statute of limitations, within one year of the filing of this complaint up until the date of filing.

**ANSWER**: PRA admits that plaintiff purports to bring this lawsuit both individually and as a class action, but denies that this case is suitable for class certification and denies any remaining allegations contained in Paragraph 16 of the Complaint.

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates, or partners of Defendant.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies same.

### Numerosity

18. Upon information and belief, Defendant has sent collections letters in attempt to Collect a debt to hundreds if not thousands of consumers throughout Connecticut, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies same.

19. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies same.

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies same.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:  (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff

and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure, and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive Relief

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies same.

### Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies same.

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies same.

24. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies same.

### Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies same.

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies same.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies same.

28. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies same.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues.

**ANSWER**: PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies same.

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies same.

31.     Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.  Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER**:  PRA is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies same.

32.     Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

**ANSWER**:  PRA denies the allegations in Paragraph 32 of the Complaint.

33.     Section 1692e provides:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

>debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
>(2)     The false representation of--
>
>   (A) the character, amount, or legal status of any debt; or (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER**:  PRA answers that the FDCPA speaks for itself and denies any allegations contained in Paragraph 33 of the Complaint that are inconsistent therewith.

## AFFIRMATIVE DEFENSES

Without conceding any applicable burden of proof, PRA alleges the following affirmative defenses to the claims set forth in the Complaint.

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be subject to arbitration.

3.     Plaintiff's claims may be barred, in whole or in part, by virtue of PRA's reliance and compliance with the 2015 Consent Order with the Consumer Financial Protection Bureau, pursuant to 15 U.S.C. §1692k(e).

4.     Plaintiff has not alleged or suffered a concrete and particularized harm or injury and, therefore, lacks standing under Article III to pursue a claim.

5.     Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

6.     Plaintiff failed to mitigate her damages, if any.

7. Plaintiff's damages, if any, and none being admitted, were not caused by PRA, but by another person or entity, including plaintiff, for whom PRA is not responsible and over whom PRA exercises no control.

WHEREFORE, PRA respectfully requests that this Court enter judgment in PRA's favor, dismiss the Complaint with prejudice, award PRA all costs and fees incurred herein, and order such further relief this Court deems just, necessary and appropriate.

Dated:  March 16, 2018

Respectfully Submitted,

PORTFOLIO RECOVERY ASSOCIATES, LLC,

By: /s/ David L. Hartsell
     One of its attorneys

David L. Hartsell (ct15302)
Sarah A. Zielinski (phv09502)
McGUIREWOODS, LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
szielinski@mcguirewoods.com

Eric D. Daniels (ct01582)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103
(860) 275-8200
(860) 275-8299 (fax)
edaniels@rc.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 16, 2018, a copy of foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/ David L. Hartsell
David L. Hartsell (ct15302)
McGUIREWOODS, LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com

100131494_2