UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAITH FILIAULT, on behalf of herself and all other similarly situated consumers, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:18-cv-00332-VLB |
| v. ) ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) ) ) | April 9, 2018 |
| Defendant. ) ) | |

### 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** Complaint was removed to Federal District Court on February 23, 2018.

**Date Complaint Served:** Plaintiff was notified of removal on the same date.

**Date of Defendant's Appearance:** Defendant entered an appearance on the same date.

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 9, 2018. The participants were:**

Daniel Zemel, Esq., for plaintiff Faith Filiault

Sarah Zielinski for defendant Portfolio Recovery Associates, LLC

    **I.**    **Certification**

Undersigned counsel (after consultation with their clients) and any undersigned self - represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

case; and (b) they have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.  Subject Matter Jurisdiction

This Court has subject matter jurisdiction because the cause of action arises under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### B.  Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

Plaintiff brings this class action alleging that Defendant violated the FDCPA by sending Plaintiff a collection letter that was false, deceptive, and misleading. Specifically, the letter sought to collect on a debt that was beyond the statute of limitations. The letter offered Plaintiff two payment options that included payments over time in a payment plan, either 6 or 12 months. However, Defendant's letter failed to advise Plaintiff that by making partial payments on the debt, the payments would restart the statute of limitations on the debt.

Defendant denies that the letter violates the FDCPA or any other federal or state law, denies that Plaintiff has suffered any injury or damages, and otherwise denies all liability.

A. Claims of Plaintiff/s: Violation of the FDCPA.

B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant/s:

    1.    Plaintiff fails to state a claim upon which relief can be granted.

    2.    Plaintiff's claims may be subject to arbitration.

    3.    Plaintiff's claims may be barred, in whole or in part, by virtue of PRA's reliance and compliance with the 2015 Consent Order with the Consumer Financial Protection Bureau, pursuant to 15 U.S.C. §1692k(e).

    4.    Plaintiff has not alleged or suffered a concrete and particularized harm or injury and, therefore, lacks standing under Article III to pursue a claim.

    5.    Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

    6.    Plaintiff failed to mitigate her damages, if any.

    7.    Plaintiff's damages, if any, and none being admitted, were not caused by PRA, but by another person or entity, including plaintiff, for whom PRA is not responsible and over whom PRA exercises no control.

C. Defenses and Claims of Third Party Defendant/s: None.

IV. Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not

in dispute. The following material facts are undisputed: It is undisputed that PRA sought to collect on a past-due obligation that Plaintiff originally incurred to Capital One Bank, N.A. which was then acquired by and is now owed to PRA. It is also undisputed that PRA sent Plaintiff a letter dated February 8, 2017, which speaks for itself.

V.     Case Management Plan:

A. Initial Disclosures

Initial disclosures will be served by Monday, April 23, 2018.

B. Scheduling Conference

1.     The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

C. Early Settlement Conference

1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be facilitated by use of the following procedure: Pre-trial Settlement Conference.

2.     The parties do not request an early settlement conference.

3.     The parties prefer a settlement conference, when such a conference is held, with the presiding judge.

    **4.**    **The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.**

    **D.**  **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

**The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.**

    **1.**    **Plaintiff(s) should be allowed until Wednesday, May 9, 2018 to file motions to join additional parties and until Wednesday, May 9, 2018 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.**

    **2.**    **Defendant(s) should be allowed until Wednesday May 9, 2018 to file motions to join additional parties and until Wednesday May 30, 2018 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.**

    **E.**  **Discovery**

      **a.**    **Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P.**

26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

> **Plaintiff's Position:** Plaintiff will need discovery on the identification of the class members and will most likely need to depose a corporate representative of the Defendant.
>
> **Defendant's Position (if different):** Defendant will need discovery on Plaintiff's claim under the FDCPA, Plaintiff's request for class certification, and Plaintiff's alleged injury or damages. Defendant will need to depose Plaintiff.

**b.** The parties anticipate that discovery will be needed on the following subjects: Plaintiff requires discovery on the identification of class members, damages to class members, net worth of Defendant, and potential defenses of Defendant, including the bona fide error defense. Defendant requires discovery on Plaintiff's claim under the FDCPA, Plaintiff's request for class certification, and Plaintiff's alleged injury or damages.

**c.** All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by or before Monday, September 10, 2018 and completed (not propounded) by Tuesday, October 9, 2018.

**d.** Discovery will not be conducted in phases.

**e.** If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: N/A

    f.      The parties anticipate that the plaintiff(s) will require a total of 3 depositions of fact witnesses and that the defendant(s) will require a total of 3 depositions of fact witnesses. The depositions must be completed by Tuesday, October 9, 2018.

    g.      The parties will not request permission to serve more than 25 interrogatories.

    h.      Plaintiff/s do not intend to call expert witnesses at trial. Defendant/s do not intend to call expert witnesses at trial.

    i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by Monday July 9, 2018. Depositions of any such experts will be completed by Tuesday, August 9, 2018.

    j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by Monday, September 10, 2018. Depositions of such experts will be completed by Tuesday, October 9, 2018.

    k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by Tuesday, October 9, 2018.

    l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy

files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Electronically stored information shall be preserved and disclosed in the format that it currently is available, unless opposing counsel requests a specific format for the stored information. Each party shall bear its own costs in preservation of information and production of the same.

     m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: Paper or non-electronic forms of information shall be converted to electronic forms if practical. If not practical, information shall be preserved in a secure area and disclosed by delivery of sender's choice.

    **n.**    **Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Any party may contact opposing counsel and assert privilege of any previously disclosed material. Opposing counsel shall, with all due speed, return the material and destroy any remaining copies in counsel's possession.**

   **F.  Other Scheduling issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: **A motion for class certification will be made one month after the discovery end date.**

   **G.  Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **Friday, January 25, 2019.**

   **H.  Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **Monday, April 22, 2019.**

   **VI.    TRIAL READINESS**

The case will be ready for trial by **Wednesday, May 22, 2019.**

**As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.**

**Plaintiff**

**By: /s/ Daniel Zemel, Esq.**              **Date: 4/9/18**

**Defendant**

**By /s/ Sarah A. Zielinski**              **Date: 4/9/18**

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, a copy of foregoing 26(F) REPORT OF PARTIES' PLANNING MEETING was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Sarah A. Zielinski
Sarah A. Zielinski (phv09502)
McGUIREWOODS, LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601
(312) 849-8288
(312) 849-3690 (fax)
szielinski@mcguirewoods.com